■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO S. LOPEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered January 15, 1986, convicting him of criminal sale of a controlled substance in the first degree, upon his plea of guilty, and sentencing him to an indeterminate term of 25 years to life imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the minimum term of the sentence imposed from 25 years to 15 years; as so modified, the judgment is affirmed.

On appeal to this court, the defendant argues that he was entitled to withdraw his plea based upon the promises and representations of the prosecutor and the court. We disagree. There is no basis in this record to conclude that the defendant was not aware of the legal implications of his guilty plea or that it was induced by an unfulfilled promise. The court, the prosecutor and the defense attorney engaged in extensive dialogue on the record and the defendant was explicitly advised that the court would not be bound by any promises made by the prosecutor and had made no promises regarding either withdrawal of the plea or as to the sentence. Under the circumstances, the court did not abuse its discretion in refusing to permit the defendant to withdraw his plea (see, People v Frederick, 45 NY2d 520; People v Campbell, 35 NY2d 227, cert

*denied* 419 US 1122). In our opinion, however, the defendant's sentence should be reduced in the interest of justice. Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.